UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SILVER GRYPHON, L.L.C., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-443 |
| | § | |
| HSBC BANK USA, N.A., | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court are the following: (1) a motion to remand filed by plaintiff, Silver Gryphon, L.L.C. ("Silver Gryphon") (Dkt. 10); (2) a motion to dismiss filed by defendant, HSBC Bank USA, N.A., as Trustee on behalf of ACE Securities Corp. Home Equity Loan Trust and for the Registered Holders of ACE Securities Corp. Home Equity Loan Trust, Series 2006-ASAP6, Asset Backed Pass-Through Certificates ("HSBC") (Dkt. 5); and (3) Silver Gryphon's motion for leave to amend its complaint (Dkt. 8 at 9–10). The court has considered the motions, responsive briefing, record evidence, and applicable law. For the reasons that follow, Silver Gryphon's motion to remand (Dkt. 10) is **DENIED**, HSBC's motion to dismiss (Dkt. 5) is **GRANTED**, and Silver Gryphon's motion for leave to amend (Dkt. 8 at 9–10) is **DENIED**.

**I. BACKGROUND**

On or around September 29, 2006, Jose Landaverde executed a promissory note in the amount of $117,200.00 (the "note") for the purchase of real property. Dkt. 5, Ex. A (note). At the same time, Landaverde and his wife executed a deed of trust (the "deed") that authorized Mortgage

Electronic Registration Systems, Inc. ("MERS"),[1] to be the nominee for the original lender, DHI Mortgage Company, Ltd. ("DHI"), and to act as DHI's beneficiary. Dkt. 5, Ex. B (deed) at 3. The deed specified that MERS maintained the right "to foreclose and sell the Property; and to take any action required of the Lender. . . ." *Id.* at 4.

On or around January 14, 2010, MERS assigned its interest in the deed to HSBC. Dkt. 5, Ex. C (assignment). On January 29, 2010, the assignment was electronically recorded in the Harris County property records. *Id.* at 2. On November 5, 2013, Silver Gryphon purchased Landaverde's property at a junior lien foreclosure sale conducted by Imperial Green Homeowners Association, Inc. *See* Dkt. 1, Ex. C-1 (original petition) ¶ 5. Then, HSBC posted the property for a Substitute Trustee's Sale, scheduled for January 7, 2014, about which Silver Gryphon was not notified. *Id.* ¶¶ 7–8. On January 6, 2014, after learning of the impending foreclosure sale, Silver Gryphon filed its original petition in state court to determine whether HSBC had a valid interest in the property and to obtain a temporary restraining order. *Id.* ¶¶ 15–16. On January 7, the following day, the state court issued a temporary restraining order preventing the sale. Dkt. 1, Ex. D. Alleging diversity jurisdiction, HSBC removed the case to this court. Dkt. 3.

Upon removal, HSBC filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 5. Silver Gryphon responded (Dkt. 8) and also filed a motion to remand (Dkt. 10). Within its response, Silver Gryphon filed a motion for leave to amend its complaint. Dkt. 8 at 9–10. HSBC filed a reply addressing Silver Gryphon's response (Dkt. 11) and responded to its motion to remand (Dkt. 13). The motions are ripe for disposition.

---

[1] The MERS system is an "electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans." *In re Mortg. Elec. Registration Sys. (MERS) Litig.*, 659 F. Supp. 2d 1368, 1370 (J.P.M.L. 2009).

## II. ANALYSIS

Because Silver Gryphon's motion to remand addresses the threshold question of subject-matter jurisdiction, the court will evaluate that motion first before turning to the Rule 12(b)(6) motion to dismiss and the motion for leave to amend. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 118 S. Ct. 1003 (1998) (reiterating the long-standing rule that "'[w]ithout jurisdiction the court cannot proceed at all in any cause'") (quoting *Ex parte McCardle*, 7 U.S. (Wall.) 506, 514 (1868)).

### A.   Subject-Matter Jurisdiction

*1. Legal Standard*

A defendant may remove a civil action to federal court if that court would have original jurisdiction over the case. 28 U.S.C. § 1441(a). For diversity jurisdiction, the amount in controversy must exceed $75,000, and complete diversity must exist between the parties. *Id.* § 1332(a). The burden of proving federal jurisdiction rests on the removing party, and any doubts about whether removal is proper must be construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

In diversity cases, the amount in controversy is determined by the amount sought on the face of the plaintiff's complaint. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). When the plaintiff does not specify the amount of damages in the complaint, the removing defendant "must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Id.* The defendant may satisfy its burden of proof by (1) demonstrating that it is "apparent from the face of the petition that the claims are likely to exceed $75,000," or (2) setting forth "summary judgment type evidence of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.

3

2002) (internal quotation marks omitted). If the defendant satisfies its burden of establishing the jurisdictional minimum, then to obtain remand, the plaintiff must show as a matter of law that it is certain that his claim amounts to less than $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

*2. Analysis*

As a threshold matter, neither party challenges the complete diversity of citizenship requirement. Rather, Silver Gryphon's motion to remand centers on the disputed amount in controversy. Because Silver Gryphon did not specifically plead the amount of damages in its original complaint, the burden falls on HSBC to establish that the amount in controversy exceeds $75,000. *Manguno*, 276 F.3d at 723. HSBC states the amount in controversy is the actual value of the property, which is at least $95,601, as appraised by the Harris County Appraisal District. Dkt. 13 at 3. Silver Gryphon responds that the amount in controversy is not in excess of $75,000 because there is no equity in the property when evaluating the difference between the lien HSBC holds ($117,200.00) and the value of the property as appraised by the Harris County Appraisal District ($95,601.00). Dkt. 10 ¶ 10. However, Silver Gryphon does not cite any case law to affirm that the appropriate measure is equity, not fair market value. *Id.* ¶ 8.

When a party seeks declaratory or injunctive relief, the appropriate measure of damages is measured by the value of the object of the litigation. *See Hunt v. Wash. State Apple Adver. Com'n*, 432 U.S. 333, 347 (1977) (holding amount in controversy for apple growers to be evaluated according to the object of the litigation, that is, the losses the growers would incur if they were required to operate business under another state's unconstitutional statute); *see also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013). As in this case, the *Farkas* plaintiffs sought to prevent the defendants from foreclosing on their property. *Farkas*, 737 F.3d at 341. The *Farkas* court

4

specifically held that when the purpose of the relief is to stop the foreclosure sale of a property, the property is the object of the litigation, and the value of the property represents the amount in controversy. *Id.* Therefore, in evaluating the amount of controversy, the court must follow *Farkas* and measure the amount in controversy according to the fair market value of the property, not the value of the plaintiff's equity. The relevant amount in controversy in this case is thus the property's value, $95,601, which exceeds $75,000. Silver Gryphon's motion to remand (Dkt. 10) is **DENIED**.

**B.     Rule 12(b)(6) Motion to Dismiss**

Now that the court is assured that subject-matter jurisdiction exists, it turns to HSBC's motion to dismiss Silver Gryphon's claims on the merits.

*1.     Legal Standard*

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). In turn, a party against whom claims are asserted may move to dismiss those claims when the pleader has failed "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To meet this standard, a pleading must offer "'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). While the allegations need not be overly detailed, a plaintiff's pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) ("[N]aked assertions devoid of further factual enhancement,"

along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When considering a motion to dismiss for failure to state a claim, courts generally are limited to the complaint and any attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). If the court considers materials outside the pleadings, the motion to dismiss is treated like a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, there are other documents the court may consider without treating a motion to dismiss as such. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499 (2007). For example, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim." *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

2. *Analysis*

Silver Gryphon pleads two causes of action in its original petition: (1) a determination of the extent of HSBC's rights under the note secured by the deed of trust; and (2) injunctive relief to

prevent foreclosure. Dkt. 1, Ex. C-1 ¶ 15. The court considers HSBC's dismissal arguments as to each claim in turn.[2]

### a. Declaratory Relief

Silver Gryphon seeks a declaratory judgment to determine whether HSBC is the holder of the note. *Id.* Silver Gryphon presents two principal arguments to support this claim: (1) HSBC lacks standing to foreclose; and (2) HSBC failed to provide Silver Gryphon with adequate notice of the foreclosure sale.

1. <u>Standing</u>

Silver Gryphon argues that HSBC lacks standing to foreclose the lien because the person who executed the assignment from DHI to HSBC was not employed by MERS, and is therefore unauthorized to assign DHI's property interest. Dkt. 1, Ex. C-1 ¶ 9. In response, HSBC contends possession of the original note is not necessary to foreclose.[3] *See* Dkt. 5 at 8. Alternatively, HSBC contends that Silver Gryphon itself lacks standing to attack an allegedly unauthorized assignment to which it was not a party. *Id.* at 10.

First, Silver Gryphon claims that Juan Pardo, a purported vice president of MERS, was unauthorized to execute an assignment on behalf of DHI because there was no address for MERS and

---

[2] HSBC attached copies of documents to its motion that it contends are the Texas deed of trust and the assignment it received from MERS. *See* Dkt. 5, Exs. B, C. Because these documents are referenced in Silver Gryphon's initial complaint and central to Silver Gryphon's claims (Dkt. 1, Ex. C-1), the court concludes they may be considered at the pleading stage without converting the motion to dismiss to a motion for summary judgment.

[3] While it is unclear whether Silver Gryphon raised a "show me the note" argument, HSBC addresses it in their motion to dismiss. Dkt. 5 at 6. This theory has been rejected by the Fifth Circuit because an assignment need not transfer the original note to be valid. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253 (5th Cir. 2013) (holding that under Texas law, the original, signed note is not necessary to foreclose); *Hosey v. Network Funding, L.P*, No. H-13-2573, 2013 WL 5971061, at *4 (S.D. Tex. Nov. 8, 2013) (upholding an assignment from MERS to Wells Fargo); *Silver Gryphon, L.L.C. v. Bank of America NA*, No. 13-cv-695, 2013 WL 6195484, at *4 (S.D. Tex. Nov. 27, 2013) (recognizing an assignment from MERS to Bank of America). Additionally, HSBC may foreclose as the current owner of the note, regardless of its status as a holder. *See Martins v. New Century Mortg. Co.*, 377 S.W.3d 79, 84-85 (assignee allowed to enforce obligations as the current owner of the note, notwithstanding status as a holder); *Rearden v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *4 (W.D. Tex. July 25, 2011) (stating that mortgage servicer may foreclose, regardless of its status as holder).

the assignment was signed more than three years after the date of the note. Dkt. 8 ¶ 32. However, a mortgagor's standing to dispute authority to assign was recently rejected by the Fifth Circuit and this court. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 227 (5th Cir. 2013); *Davis v. Countrywide Home Loans, Inc.*, No. H-13-623, 2014 WL 838146, at *4 (S.D. Tex. Mar. 3, 2014) (an obligor does not have standing to challenge the authority of a MERS agent); *Hosey v. Network Funding, L.P*, No. H-13-2573, 2013 WL 5971061, at *5 (S.D. Tex. Nov. 8, 2013) (holding that an unauthorized signature would only make the assignment voidable, not void). The Fifth Circuit held that "an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor." *Id.* at 225 (quoting *Tri-Cities Constr., Inc. v. Am. Nat'l Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ)). If the person executing the assignment acted fraudulently, as alleged in this case, it renders the contract voidable, not void. *Reinagel*, 735 F.3d at 226. Silver Gryphon thus lacks standing to object to an allegedly voidable assignment from DHI to HSBC.

  2. <u>Notice</u>

Silver Gryphon next alleges that the setting of the foreclosure sale was improper because Silver Gryphon did not receive prior notice thereof. *See* Dkt. 1, Ex. C-1 ¶¶ 8, 14. The Fifth Circuit has held that there is "'no legal requirement that personal notice of a foreclosure be sent to persons not parties to the deed of trust.'" *Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) (quoting *Stanley v. CitiFinancial Mortg. Co.*, 121 S.W.3d 811, 817 (Tex. App.–Beaumont 2003, pet. denied)). The *Rodriguez* court also held that the mortgage provider does not have a duty to notify intervening purchasers of foreclosure. *Id.* at 856 (the plaintiff's argument for lack of notice failed because Texas law imposes no requirement for mortgage servicer to provide notice to intervening purchasers).

Silver Gryphon, an intervening purchaser, was not a party to the deed of trust and HSBC did not have a duty to provide notice to Silver Gryphon. Furthermore, Silver Gryphon only had a contractual right to be notified if it was approved by the lender, HSBC, to assume the borrower, Landaverde's, rights and benefits under the deed. *See* Dkt. 5, Ex. B, at 10 ¶ 13. There is no evidence in the record that Silver Gryphon was approved by HSBC. Because the twin bases of Silver Gryphon's arguments for declaratory relief lack any legal foundation, Silver Gryphon's claim for a declaratory judgment is **DISMISSED**.

b.  **Injunctive Relief**

Silver Gryphon's second purported cause of action is for a temporary injunction to prevent the foreclosure. Dkt. 1, Ex. C-1 ¶ 19. Injunctive relief however, depends on viable causes of action. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *see also Silver Gryphon*, 2013 WL 6195484, at *7 ("a request for injunctive relief is fatally flawed and fails to state a claim for relief in the absence of an underlying viable cause of action supporting the entry of a judgment"); *Silveira v. CitiMortgage, Inc.*, No. H-11-2757, 2012 WL 423409, at *2 (S.D. Tex. Feb. 8, 2012) (dismissing Silveira's request for a permanent injunction that was based on Citi's alleged lack of legal authority to foreclose that was rejected by the court).

Because the substantive claim has been dismissed above, Silver Gryphon's request for injunctive relief is **DISMISSED**, and HSBC's motion to dismiss (Dkt. 5) is **GRANTED**.

C. **Motion for Leave to Amend**

Lastly, in the event the court grants HSBC's motion to dismiss, Silver Gryphon requests leave to amend its complaint. Dkt. 8 at 9–10. Rule 15(a)(1) of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course either (a) twenty-one days after serving it or (b) twenty-one days after service of a required responsive pleading or Rule 12(b), (e), or (f) motion,

9

whichever is earlier. FED. R. CIV. P. 15(a)(1). After that period has passed, Rule 15(a)(2) of the Federal Rules of Civil Procedure allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Leave to amend should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of [the] amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227 (1962).

Silver Gryphon requests leave to amend "to add more specific factual allegations against [HSBC] in support of [Silver Gryphon's] claims." Dkt. 8 at 10. Silver Gryphon does not present the court with a proposed amendment or explain how an amended complaint would permit its claims to survive. When a party makes "'a bare request in opposition to a motion to dismiss [,] without any indication of the particular grounds on which the amendment is sought[,] . . . [its request] does not constitute a motion within the contemplation of Rule 15(a).'" *See U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003) (quoting *Confederate Mem'l Ass'n v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993)) (internal punctuation omitted); *see also Nolasco v. CitiMortgage, Inc.*, No. H-12-1875, 2012 WL 3648414, at *7 (S.D. Tex. Aug. 23, 2012) (denying a motion for leave to amend when the plaintiff did not present the court with reasons to support the survival of an amended complaint).

Further, as discussed above, Silver Gryphon's complaint fails because its claims lack any legal foundation, as opposed to being dismissed for pleading insufficient facts. Indeed, the Fifth Circuit has dismissed similar claims in analogous cases, and any amended complaint by Silver Gryphon would be futile. Silver Gryphon's motion for leave to amend (Dkt. 8 at 9–10) is **DENIED.**

### III. CONCLUSION

For the foregoing reasons, Silver Gryphon's motion to remand (Dkt. 10) is **DENIED**, HSBC's motion to dismiss (Dkt. 5) is **GRANTED**, and Silver Gryphon's motion for leave to amend (Dkt. 8 at 9–10) is **DENIED**. Silver Gryphon's complaint is **DISMISSED WITH PREJUDICE**. The court will enter a separate final judgment consistent with this order.

It is so **ORDERED**.

Signed at Houston, Texas on June 11, 2014.

_____
Gray H. Miller
United States District Judge